FILED
United States Court of Appeals
Tenth Circuit

April 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ERNESTO FLORES-TIRADO,

      Defendant-Appellant.

No. 07-3294
(D.C. No. 07-CR-10091-MLB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McCONNELL** and **ANDERSON**, Circuit Judges**,** and **BRORBY**, Senior
Circuit Judge.

_____

      Defendant Ernesto Flores-Tirado pled guilty to unlawful reentry after

deportation for an aggravated felony, 8 U.S.C. § 1326(a), (b)(2), and was

sentenced to 57 months' imprisonment and two years' supervised release. He

now appeals, contending that the district court committed procedural error by

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"default[ing] to the advisory Sentencing Guidelines" in determining that a below-Guidelines sentence was not necessary to avoid unwarranted sentence disparities among similarly situated defendants under 18 U.S.C. § 3553(a)(6). Brief for Aplt. at 1. We conclude that, in the absence of any contrary evidence and/or legal argument regarding sentence disparity, the district court's exclusive reliance on the general uniformity built into the Guidelines to account for this factor was permissible. We therefore affirm.

While the sole issue raised on appeal relates to disparity in sentencing, defendant's focus below was elsewhere. His sentencing memorandum addressed the offense/offender characteristics in § 3553(a)(1) and the general sentencing goals in § 3553(a)(2), arguing for a below-Guidelines sentence based on family ties and cultural assimilation to the United States, where he has spent the majority of his life (and lack of assimilation to Mexico, to which he had been deported), but never mentioned disparity issues. *See* R. Vol. I doc. 11. His objections to the presentence report, which saw no grounds for a departure or variance below the Guideline range, *see* R. Vol. III at 14, similarly focused on § 3553(a)(1) and (2), *see id.* at 18-20. As to § 3553(a)(6), he offered only the conclusory assertion that any disparity created by a below-Guidelines sentence "is not unwarranted give[n] the facts of this case." *Id.* at 21. In reply, the government emphasized his long criminal record and the probation office noted his failure to distinguish this case from the usual range of illegal-reentry cases. *See id.* at 21-22.

The sentencing hearing reflected more of the same. Defendant argued for a departure or variance based on cultural assimilation, without specifically referring to the question of sentence disparities, R. Vol. II at 5-7, while the government responded by noting his extensive criminal history and insisting that there "just isn't anything unusual about this case," *id.* at 7. The district court denied a departure, and then addressed the § 3553(a) factors to deny a variance as well. As to § 3553(a)(6), the court stated that it had no basis for concluding it could grant a below-Guideline variance without creating an unwarranted disparity:

> [T]he only . . . way for me to prevent unwarranted sentence disparity is to follow the advisory guidelines. There would be no way for me, and no records are kept here, that would separately individually consider defendants other than what the guidelines call out. We just don't do that. And I don't think any court would do that.[1]

R. Vol. II at 12-13. The court accordingly adopted the Sentencing Commission's judgment that unwarranted disparities would be best avoided by imposing a sentence within the Guideline range, a result the court specifically found to be "fair" and "just" here. *Id.* at 15. Given the relevant purposes of the Guidelines, and the factual and procedural circumstances of the case, this approach to the disparity factor was permissible.

---

[1] This prompted a formalistic objection from counsel, who complained of the court "defaulting to . . . the guidelines" but conceded that "I understand why you do it." R. Vol II at 13-14. The court then asked if "the public defender keep[s] separate records of the people that its lawyers represent so that you can bring evidence to me that would say that in the case of [one] similar to this defendant, a different sentence was imposed?" Counsel replied "I don't know that we are set up to do that, Your Honor. I understand your difficulty." *Id.*

"[A] properly calculated Guideline sentence will typically reflect an accurate application of the factors listed in § 3553(a), including the need to avoid unwarranted sentencing disparities under § 3553(a)(6), which we have noted is the purpose of the Guidelines." *United States v. Hildreth*, 485 F.3d 1120, 1128-29 (10th Cir) (internal quotations and citation omitted), *cert. denied*, 128 S. Ct. 730 (2007). Thus, when "the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall v. United States*, 128 S. Ct. 586, 599 (2007). While the Guidelines may not be given mandatory or presumptive effect by the district court when performing its own independent, case-specific role in sentencing, *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007); *see United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008), the court may rely on the reasoning of the Sentencing Commission when the defendant has failed to "raise[] a nonfrivolous argument below showing, by more than hand-waving or conclusory statements, the likelihood of a sentence disparity if the Guidelines were followed," *United States v Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008). This may bolster the gravitational pull of the Guidelines, but, particularly when sentencing uniformity (a primary purpose of the Guidelines) is the concern, "so long as that pull does not rise to the level of mandate[, it] is neither unconstitutional nor undesirable." *United States v. Angel-Guzman*, 506 F.3d 1007, 1014 (10th Cir. 2007).

We emphasize that the district court did not suggest it could never deviate from the Guideline range in an illegal-reentry case. Rather, the court addressed the particular circumstances of the case, holding that the salient offense/offender characteristics were not atypical (a determination unchallenged on appeal), and that the Guideline range for the typical case led to a fair and just sentence. That case-specific concurrence with the broad-based conclusions of the Sentencing Commission does not reflect an improper reliance on the Guidelines. *See Rita v. United States*, 127 S. Ct. 2456, 2469 (2007).

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge